**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENIS SALINS,<br><br>               Plaintiff,<br><br>       v.<br><br>EMR TECHNOLOGY SOLUTIONS, INC. *et al.*,<br><br>               Defendants. | Civil Action No. 21-20125 (MAS)(RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon the December 9, 2022 Report and Recommendation ("R&R") of the Hon. Rukhsanah L. Singh, U.S. Magistrate Judge. (R&R, ECF No. 15.) The R&R reviewed Plaintiff Denis Salins's ("Plaintiff") Motion for Default Judgment (ECF No. 14) against Defendants EMR Technology Solutions, Inc. ("EMR") and John X. Adiletta ("Adiletta") (collectively, "Defendants"), and recommends that the Court strike Defendants' Answer and enter default judgment against both Defendants. (R&R 9.) The Court has fully reviewed the record,[1] and for the following reasons, Plaintiff's Motion for Default Judgment (ECF No. 14) is **GRANTED** in part and **DENIED** in part. This matter shall be referred to the Magistrate Judge to determine Plaintiff's damages, attorney's fees, court costs, and interest.

---

[1] The Court has reviewed the following documents: Plaintiff's Complaint (ECF No. 1), Plaintiff's unopposed Motion for Default Judgment (ECF No. 14), the Declaration of Adam E. Gersh, Esq. (Gersh. Decl., ECF No. 14-3), and Judge Singh's R&R dated December 9, 2022 (ECF No. 15).

I.  **BACKGROUND**

The facts underlying this dispute have been addressed in detail in the R&R and are incorporated by reference herein. (R&R 1-3.) By way of background, Plaintiff initiated this action on November 19, 2021. (*See* Compl., ECF No. 1.) Plaintiff seeks to recover in excess of $233,000 in unlawfully withheld wages that he accrued in his former position as Chief Technology Officer of EMR. (*See id.* ¶ 1.) According to the Complaint, Plaintiff accepted employment with EMR on September 23, 2016. (*Id.* ¶ 14.) Although Plaintiff accepted this position on a salary basis, EMR did not pay Plaintiff the same amount for each pay period he worked and failed to compensate him for "as many as 91 separate pay weeks." (*Id.* ¶¶ 15, 17-18, 24-29.) Adiletta served as the "President and Chief Executive Officer of EMR" during Plaintiff's employment at EMR. (*Id.* ¶ 4.) Plaintiff states that Adiletta "had the authority to make decisions about paying [Plaintiff] and funding payroll but failed to honor EMR's obligations to [Plaintiff]." (*Id.* ¶ 35.) Plaintiff's seven-count Complaint brings the following claims: (1) Breach of Contract (Count One); (2) New Jersey Wage Payment Law ("NJWPL") (Count Two); (3) New Jersey Wage and Hour Law ("NJWHL") (Count Three), (4) Fair Labor Standards Act ("FLSA") (Count Four); (5) Unjust Enrichment (Count Five); (6) Promissory Estoppel (Count Six); and (7) Quantum Meruit (Count Seven). (*Id.* ¶¶ 39-70; *see also* R&R 1.)

On January 10, 2022, Defendants filed an Answer. (ECF No. 6.) On March 9, 2022, the Court entered a Pretrial Scheduling Order, setting deadlines for discovery, including, but not limited to, applicable deadlines to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26[2] by April 1, 2022, and a deadline to serve initial discovery requests by April 15, 2022. (ECF No. 8.) On March 25, 2022, Judge Singh scheduled a telephone status conference with

---

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

the parties for June 7, 2022, and ordered the parties to submit a joint letter outlining the status of discovery by June 2, 2022. (ECF No. 9.)

Discovery commenced, and in April 2022, Plaintiff served Defendants with initial disclosures, interrogatories, and a request for production of documents. (*See* Pl.'s Moving Br. 2, 4-25, ECF No. 14-2.) On April 15, 2022, Plaintiff's counsel contacted Defendants' counsel because Defendants' initial disclosures had not yet been served and responses to Plaintiff's discovery requests remained outstanding. (*Id.* at 4.) Over the next two months, Defendants failed to respond to Plaintiff's correspondence, failed to serve their initial disclosures, and failed to respond to any of Plaintiff's discovery requests. (*Id.* at 27.) Defendants also did not participate in drafting the joint status letter ordered by Judge Singh. (R&R 3.) Instead, Plaintiff submitted correspondence to Judge Singh outlining Defendants' failure to comply with the Court's scheduling order and their lack of providing discovery responses. (ECF No. 10.)

Counsel for both parties, however, appeared at the June 7 status conference. (*See* ECF No. 12; R&R 2-3.) Thereafter, Judge Singh ordered the parties to confer and resolve any outstanding discovery deficiencies within thirty days of the conference. (ECF No. 11.) Judge Singh scheduled a follow up conference for July 19, 2022, and directed the parties to submit another joint status letter prior to the conference. (*Id.*) Once again, Defendants' counsel did not participate in the joint letter, and Plaintiff's counsel informed the Court that Defendants still had not provided any discovery responses or requests since the June 7 status conference. (ECF No. 12.)

At the July 19 status conference, both parties' counsel appeared; however, Defendants' counsel's participation was limited to a request for leave to file a motion to withdraw as counsel or to substitute counsel, while Plaintiff requested leave to file a motion for discovery sanctions. (ECF No. 13.) Judge Singh granted both requests and instructed Defendants' counsel to file a

3

motion to withdraw by August 5, 2022, and for Plaintiff to file a motion for sanctions by August 12, 2022. (*Id.*) Defendants' counsel did not file a motion to withdraw or seek a substitution. (R&R 3.) Plaintiff, on the other hand, timely filed the instant motion for entry of a default judgment. (Pl.'s Moving Br. 1.) Defendants did not oppose the motion. (R&R 3.)

On December 8, 2022, Judge Singh issued the R&R. (*See* R&R 9.) Applying Rule 37(b)(2)(A) and balancing the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), Judge Singh recommended that the Court strike Defendants' Answer and enter default judgment. (*Id.* at 9.) Any objections to the R&R were to be submitted within 14 days pursuant to Rule 72(b)(2). (*Id.*) Defendants, however, did not submit any objections to the R&R.

## II. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. *See also* Fed. R. Civ. P. 72 (b)(2). The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2).

"As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, 2012 WL 4891695, at *3 (internal citations and quotations omitted). "[W]here no objections are made in regard to a report or parts

4

thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); *see also Defalco v. Rutgers Univ. Police Dep't*, No. 15-6607, 2019 WL 2591031, at *4 (D.N.J. June 25, 2019) (applying a clear error standard of review to uncontested portions of Magistrate Judge's Report and Recommendation).

## III.  DISCUSSION

Based on the circumstances presented, the Court has discretion to enter a default judgment pursuant to Rule 37 and Rule 55 of the Federal Rules of Civil Procedure. *United States v. Pinsky*, No. 10-2280, 2011 WL 1326031, at *2 (D.N.J. Mar. 31, 2011). At the outset, the Court notes that Judge Singh's R&R and Plaintiff's memorandum of law in support of his Motion for Default Judgment exclusively applied Rule 37 and the *Poulis* factors. (R&R 4-8; *see generally* Pl.'s Moving Br.) A *Poulis* analysis is generally conducted "when a district court imposes sanctions that are tantamount to default judgment." *See Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). Default judgment may also be rendered in accordance with Rule 55—which establishes distinct and separate criteria—including an evaluation of the sufficiency of the underlying clams. *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Because "[t]he entry of default has serious consequences," the Court has significant—but not unlimited—discretion in considering motions for entry of default judgment on the merits. *Pinsky*, 2011 WL 1326031, at *2; *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) ("[T]he entry of a default judgment is left primarily to the discretion of the district court."). Considering this Court's preference to rule on the merits where possible, the Court will consider whether default judgment is appropriate under both Rule 37 and Rule 55. *E.g., Hritz*, 732 F.2d at 1181 (noting that the Third

Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable"). Based on the relevant factors, the Court finds that the entry of default judgment is warranted both on the merits and, in the alternative, as a sanction.

    **A.    Entry of Default Judgment as a Sanction Under Rule 37**

Judge Singh's R&R applies Rule 37 in recommending that the Court strike the Answer and enter default judgment. (*See generally* R&R.) Under Rule 37, default judgment may be entered as a sanction due to a party's failure to abide by court orders or provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(vi) (noting that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . rendering a default judgment against the disobedient party"). To determine whether default judgment is an appropriate sanction under Rule 37, the Court weighs six factors established by the Third Circuit in *Poulis*.

The factors to be weighed are: (1) the sanctioned party's personal responsibility, (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and provide discovery, (3) the history of dilatoriness, (4) whether the party or counsel's conduct was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the merits of the claim or defense. *Id.* at 868. The six factors must be balanced and "it is not necessary that all of the factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992). Here, the Court finds that Judge Singh's application of the *Poulis* factors was thorough, well-reasoned, and fully supported by the record.

In assessing the first *Poulis* factor, the Court must "distinguish[] between a party's responsibility for delay and counsel's responsibility." (*Id.* (quoting *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 133 (3d Cir. 2019).) The Court must also distinguish whether responsibility may be "directly [attributed to] the delinquent lawyer, rather than [to] a client who is not actually at

fault." (*Id.*) Regarding Defendants' personal responsibility, Judge Singh acknowledged that the record contains little information about Defendants' specific involvement in this case. (R&R at 4-5.) The record also does not establish if Defendants themselves were personally responsible for disregarding the Court's orders and failing to comply with their discovery obligations, or if these deficiencies were directly attributable to their attorney. (R&R at 5.) This factor, therefore, weighs against the entry of default judgment. (*Id.*)

The remaining factors, however, weigh in favor of default judgment. Second, as to prejudice, "impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d. Cir. 2003). A party's refusal to attend required conferences, participate in discovery, and the like may be found to prejudice the movant. *See Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (citing *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). Here, Defendants' refusal to complete discovery and abide by Court orders has prejudiced Plaintiff's ability to move the case forward. (R&R 5-6.) Defendants' failure to comply has also deprived Plaintiff of relevant discovery that he would otherwise be entitled to at this stage. (*Id.* (citing *Duda v. Rentokil N. Am., Inc.*, No. 18-13930, 2020 WL 1227526, at *3 (D.N.J. Mar. 12, 2020).)

Third, the record demonstrates a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. "Moreover, '[f]ailure to respond to the [c]ourt's [o]rders demonstrates [a party's] pattern of dilatory conduct.'" (R&R 6 (quoting *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) (citations omitted).) Defendants and/or their counsel refused to engage in discovery and disregarded the Court's Pretrial Scheduling Order, and two Text Orders entered on March 25, 2022, and June 7, 2022, respectively, that required Defendants' participation in the joint status letter. (*Id.* at 6.)

Fourth, with respect to Defendants' willful or bad faith conduct, the Third Circuit has explained that "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Willfulness or bad faith may also be found where a party repeatedly fails to respond to a court order. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005). A court may further contemplate whether the "willful or contumacious behavior that can be characterized as flagrant bad faith, such as failing to answer interrogatories . . . demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." (R&R 6-7 (quoting *Hildebrand*, 923 F.3d at 135.) Here, Defendants failed to comply with Judge Singh's orders and requests from Plaintiff to exchange discovery despite repeated reminders. (R&R 7.) Defendants have also chosen not to oppose Plaintiff's motion or timely object to the R&R. (*Id.*) This continued behavior, spanning over the course of a year, is sufficiently willful and weighs in favor of Plaintiff.

As to the fifth factor—the effectiveness of sanctions other than dismissal—Judge Singh correctly determined that there has been ample opportunity for Defendants to cure their deficiencies. (R&R 7.) Defendants, nevertheless, have continuously failed to participate in and comply with their discovery obligations; their continued non-participation suggests that no other alternative would be effective here. (*Id.* at 7.)

Finally, as to the sixth factor—the meritoriousness of the claims asserted—this Court finds that Judge Singh correctly indicated that there is insufficient evidence on the record to assess the meritoriousness of Plaintiff's claims or Defendants' defenses "outside the bare-boned denials contained within Defendants' Answer . . . ." (*Id.* at 7-8.) Thus, in weighing the six *Poulis* factors, the Court finds that—on balance—they weigh in favor of entry of default judgment as a sanction.

B.   **Entry of Default Judgment Under Rule 55**

For the sake of completeness, and in the alternative, the Court also considers whether default judgment is appropriate under Rule 55. *See Hritz*, 732 F.2d at 1181. The entry of default judgment under Rule 55 is a two-step process. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 450 (D.N.J. May 28, 2014). The first step is the entry of default. *Id.* Rule 55(a) provides that default is to be entered where "a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* . . . ." Fed. R. Civ. P. 55(a) (emphasis added). Next, Rule 55(b)(2) authorizes the Court to "enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Gordashevsky*, 558 F. Supp. at 535. When considering a motion for default judgment, the Court is to accept the well-pleaded allegations in the complaint as true, but not consider the movant's legal conclusions or allegations relating to the damages amount. *Id.* at 535-36 (citations omitted).

Before entering default judgment, a "court must determine: (1) whether the plaintiff has produced sufficient proof of valid service and jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. Aug. 13, 2015). The court then considers the factors set forth in *Chamberlain v. Giampapa*, including: (1) whether the party seeking default will be prejudiced if default is denied, (2) whether the party subject to default has a meritorious defense, and (3) whether the party subject to default is culpable for the delay in responding. 210 F.3d 154, 164 (3d Cir. 2000). Finally, the Court must be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with

9

jurisdiction over the parties as well as subject matter jurisdiction."); *Trs. of the N.J. B.A.C. Health Fund v. Rhodes*, No. 16-892, 2017 WL 3420912, at *2 (D.N.J. Aug. 9, 2017).

### 1. Jurisdiction

The threshold jurisdictional requirements for entry of default judgment are met. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims under a federal statute, the FLSA, 29 U.S.C. § 216(b) *et seq.* Supplemental jurisdiction exists over Plaintiff's state law claims because they are related to and form part of the same controversy as the federal claims. 28 U.S.C. § 1367(a).

Personal jurisdiction is also satisfied. Defendants filed an Answer to the Complaint without raising a lack of personal jurisdiction, and Defendants thus consented to personal jurisdiction.[3] *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) (explaining that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum"). Both Defendants were properly served. Adiletta was personally served at his home in New Jersey, (*See* Aff. of Serv., ECF No. 4), and EMR was personally served by delivery of process to an agent who Defendant authorized to accept service (Aff. of Serv., ECF No. 5).

### 2. Sufficiency of Plaintiff's Claims

The Court addresses each cause of action in turn. Accepting the well-pleaded factual allegations in the Complaint as true, *see Gordashevsky*, 558 F. Supp. 2d at 535-36, the Court finds that Plaintiff has set forth legitimate claims of relief.

---

[3] Personal jurisdiction further lies in view of Defendants' alleged connections with this state (Compl. ¶¶ 3-4), and both Defendants were properly served.

### (a)     Breach of Contract (Count One)

To state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citation omitted).

"A contract arises from offer and acceptance and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992) (quoting *Borough of W. Caldwell v. Borough of Caldwell*, 26 N.J. 9, 24 (1958)). To create an enforceable contract, the "parties [must] agree on essential terms and manifest an intention to be bound by those terms." *Id.* "An offeree may manifest assent to the terms of an offer through words, creating an express contract, or by conduct, creating a contract implied-in-fact." *Id.* at 436.

The Complaint details a contractual agreement between the parties: (1) Plaintiff "accepted employment as the Chief Technology Officer at EMR" in 2016 (Compl. ¶ 14); (2) he "accepted the position on a salary basis" (*id.* ¶ 15); (3) he worked "full-time" and "faithfully performed his [duties]" (*id.* ¶¶ 22-23); and (4) Defendants "acknowledged that [they] failed to meet [their] contractual obligations to pay [Plaintiff]" (*id.* ¶ 30). The Complaint pleads that Defendants accepted "the benefit" of Plaintiff's performance and contributions. (Compl. ¶ 28); *see Weichert*, 128 N.J. at 436-37.

Plaintiff has plausibly alleged the remaining elements of a breach of contract claim. Plaintiff states that Defendants breached the contract by failing to pay his salary for as many as "91 separate pay weeks." (Compl. ¶¶ 29, 41.) He alleges that "damages flow[ed]" from the breach and the "[p]ast due compensation owed to [Plaintiff] exceeds $233,000." (Compl. ¶ 37); *Frederico*,

507 F.3d at 203. Finally, he states that he "performed [his] own contractual obligations." (Compl. ¶ 37); *Frederico*, 507 F.3d at 203. Accepting the allegations set forth in the Complaint as true, Plaintiff sufficiently pleads a claim for breach of contract under Count One.[4]

### (b) Workplace Condition Claims (Counts Two, Three, and Four)

Next, to determine whether Plaintiff has stated a valid cause of action against Defendants, Plaintiff's allegations must be accepted as true and applied to the standards for determining violations of the FLSA, NJWHL, and NJWPL.

"'The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). The FLSA generally requires employers to "pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week." *Id.* (citing 29 U.S.C. § 207). An employer that violates that requirement is liable to the affected employee in the amount of the unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." *Id.* (citing 29 U.S.C. § 216(b)). To state a plausible claim for relief, the employee "'must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours.'" *Id.* at 242 (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (alterations in original)).

---

[4] Because a contract existed between Plaintiff and Defendants, there is an "adequate remedy at law." *Adamson*, 463 F. Supp. 2d at 505. The Court therefore need not address the merits of Plaintiff's unjust enrichment (Count V), promissory estoppel (Count VI), and quantum meruit (Count VII) claims.

The NJWHL mirrors its federal counterpart. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (citing *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable"); *see also Brown v. Apothaker & Assocs., P.C.*, No. 17-3994, 2018 WL 1605148, at *2 n.5 (D.N.J. Apr. 3, 2018) ("Because the NJWHL mirrors its federal counterpart, [the] [p]laintiff has sufficiently pleaded his claim for [d]efendants' violation of the NJWHL.").[5] Indeed, the NJWHL requires employers to pay their employees at least the federal minimum hourly wage rate set by the FLSA and at least time and a half for working in excess of forty hours a week. N.J.S.A. §§ 34:11-56a; 34:11-56a4. The Court therefore considers Plaintiff's FLSA and NJWHL claims together.

Here, Plaintiff's Complaint states that he was hired as a full-time employee and "routinely worked in excess of 40 hours per week." (Compl. ¶¶ 22, 24.) Plaintiff asserts that Defendants, nevertheless, did not pay him overtime and wrongfully withheld his wages for "91 separate pay weeks." (*Id.* ¶ 29.) The allegations presented also satisfy the pleading standards articulated in *Davis*. 765 F.3d at 242; *see also Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-8772, 2018 WL 1027446, at *1, 3 (D.N.J. Feb. 23, 2018) (finding on materially similar allegations that the plaintiff stated an overtime claim under the FLSA).

To be sure, Plaintiff's claims properly extend liability to Adiletta as well. An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts have noted that the definition is given a "broad

---

[5] Plaintiff, however, can only recover damages for his unpaid overtime wages once. *Lin v. Fada Grp. Inc.*, No. 20-5942, 2021 WL 423757, at *3 n.4 (D.N.J. Feb. 4, 2021). *Nieves*, 2011 WL 2937352, at *3 (A plaintiff "cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA.").

interpretation" to "effectuate the FLSA's liberal, remedial purposes." *Qu Wang*, 2018 WL 1027446, at *2 (internal quotation marks and citation omitted); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014) (quoting 29 U.S.C. § 203(d)) (finding that a corporation's owners, officers, or supervisory employees may also be liable under the FLSA). The question of whether an individual qualifies as an "employer" "depends on control." *Qu Wang*, 2018 WL 1027446, at *2 (finding that the employer asserts control if they "determined the rate and method of payment and maintained employment records").

Plaintiff's Complaint alleges that Adiletta possessed this authority and control over the pertinent aspects of his employment. The Complaint states that Adiletta served as the "President and Chief Executive Officer of EMR" during the term of Plaintiff's employment. (Compl. ¶ 4.) Plaintiff also asserts that Adiletta "had the authority to make decisions about paying [Plaintiff] and funding payroll but failed to honor EMR's obligations to [Plaintiff]." (*Id.* ¶ 35.) Accepting Plaintiff's pleaded allegations as true, the Court finds that Adiletta can be held liable as an employer of EMR. *See Qu Wang*, 2018 WL 1027446, at *6 (finding the defendants to be "employers" under the FLSA and NJWHL where the complaint alleged they were the "owners and operators[,] . . . supervised and controlled employee work schedules and conditions of employment, determined the rate and method of payment, and maintained employment records.") *Delgado v. Auto Gallery LLC*, No. 20-18593, 2021 WL 5864064, at *7 (D.N.J. Dec. 10, 2021) (same); *Saiyed v. Archon, Inc.*, No. 16-9530, 2020 WL 7334190, at *6-7 (D.N.J. Dec. 14, 2020) (finding default judgment to be appropriate against the individual defendants under the FLSA and NJWHL where the plaintiff plead that the defendants were owners of the company and in "active control" of the entity).

Plaintiff also states a plausible claim under the NJWPL. The NJWPL provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month" and that an employer may not "withhold or divert any portion of an employee's wages" except under specifically defined circumstances, which do not apply here. N.J.S.A. §§ 34:11-4.2, 34:11-4.4. Prior to August 6, 2019, the NJWPL provided employees with "an implied right to bring suit . . . against their employers for unpaid wages." *Jones v. HESP Solar*, No. 20-13056, 2021 WL 1904734, at *5 (D.N.J. May 12, 2021) (citation omitted). Like the FLSA, the NJWPL defines "employer" to include an individual with control over the entity or entities employing the plaintiff. N.J.S.A. § 34:11-4.1(a). Put simply, Plaintiff alleges that from January 2017 to February 2020, EMR did not pay Plaintiff for "most of the pay periods in which he was employed." (Compl. ¶ 18) This included the withholding of payment for approximately 91 separate pay weeks and consistently "failing to pay him as scheduled." (*Id.* ¶¶ 29, 44.) The Court, accordingly, finds that Plaintiff states a plausible claim under the NJWPL.

### 3. *Chamberlain* Factors

Moving forward, the last question before the Court is whether default judgment should be entered based on the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citation omitted). "Before imposing the extreme sanction of default, district courts must" make an explicit finding as to each of these factors. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

As to the first factor, Defendants' failure to proceed this litigation or otherwise defend the action prejudices Plaintiff as it prevents Plaintiff from proceeding with this case and obtaining

15

relief. *See TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2016 WL 5660426, at *3 (D.N.J. Sept. 29, 2016). As addressed above, the *Poulis* factors[6] weigh strongly against Defendants as they bear responsibility for failing to defend against Plaintiff's claims or otherwise respond to the Court's orders. Plaintiff has been prejudiced by Defendants' failure to defend. Their lack of participation weighs in favor of default judgment.

Second, Defendants have not presented a meritorious defense that would caution against entry of default judgment. A defense "will be deemed meritorious when the allegations of the pleadings, if established at trial . . . would constitute a complete defense." *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 536 (D.N.J. July 3, 2019) (quoting *Poulis*, 747 F.2d at 869-70). As stated, *infra*, the Court cannot fully assess the meritoriousness of any defenses outside the bare-bones denials contained within Defendants' Answer. (R&R 8.) The Court notes, however, that, "by virtue of [their] Answer being struck and its failure to otherwise defend against [the] [p]laintiff's claims, [the] [d]efendant has not presented any defense" and as such, "[t]his failure weighs in favor of entry of default judgment. *Sidewinder Films, LLC v. Sidewinder Films, LLC*, No. 19-13992, 2022 WL 6964829, at *4 (D.N.J. Oct. 11, 2022) (citing *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 829 (D.N.J. Feb. 10, 2021)). Similarly, for the third and final factor, Defendants' culpability shall be presumed where "a defendant fails to answer, move, or otherwise respond to an action." *Id.* (citing *Barrett*, 518 F. Supp. 3d at 830). Given that the Defendants offered no justification for their failure to comply with the Court's orders, did not object to the motion for default judgment, and do not submit any objections to the R&R for the Court's consideration, the Court finds sufficient culpability based on the record. *Id.*

---

[6] The *Poulis* factors share common elements with the Rule 55 standard described above and have been cited in Rule 55 analyses within the district. *See, e.g., Opta Sys.*, 483 F. Supp. 2d at 400.

16

The Court finds that Plaintiff will be prejudiced if default judgment is not granted, that Defendants do not have a meritorious defense, and that Defendants' failure to appear in this case is the result of their culpable misconduct. The Court thus instructs the Clerk of Court to enter default under Rule 55(a) in light of Defendants' failure to "plead or otherwise defend." *See* Fed. R. Civ. P. 55(a). For the reasons stated, default judgment shall also be granted in Plaintiff's favor in regard to liability on his breach of contract, FSLA, NJWHL, and NJWPL claims.

### C. Damages

What is left to be decided is the proper remedy. While the factual allegations of the complaint "will be taken as true" on a motion for default judgment, the amount of damages must still be proven with certainty. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016). If the damages sought at default judgment are not for a "sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper." *Comdyne*, 908 F.2d 1142 at 1149 (citation omitted) (quoting Fed. R. Civ. P. 55(b)(1)-(2)).

Plaintiff contends that Defendants unlawfully withheld Plaintiff's compensation "in an amount exceeding $233,000." (*See* Gersh Decl. ¶ 3.) The Complaint also asserts "compensatory damages; consequential damages; liquidated damages; statutory damages; punitive damages; [and] attorneys' fees and costs." (Compl. at 5-9.) Plaintiff, however, provides no factual support with respect to these damages. Accordingly, the Court denies the motion for default judgment as to damages without prejudice.

While the Court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b), a hearing may not be necessary "so long as [the Court] ensures that there is a basis for the damages specified in the default judgment." *Paniagua Grp., Inc.*, 183 F. Supp. 3d at 605 (internal brackets omitted). The Court thus refers this matter to Magistrate Judge Singh for further determination of damages. *See* Fed. R. Civ. P. 55(b)(2) (finding that Court may "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages"). Plaintiff must provide a written declaration with documentary support, addressed to Judge Singh, that justifies the damages sought with respect to his claims. After reviewing this submission, Judge Singh shall determine if an evidentiary hearing is necessary.

### IV.   CONCLUSION

For the reasons stated above, Magistrate Judge Singh's R&R is adopted in part and denied in part. The Court strikes Defendants' Answer, instructs the Clerk to enter default under Rule 55(a), and grants Plaintiff's Motion for Default Judgment as to liability. Default judgment is denied without prejudice with respect to damages, and Plaintiff is directed to provide documentary support for his damages award by November 24, 2023. An appropriate Order will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

18