**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENIS SALINS,<br><br>Plaintiff,<br><br>v.<br><br>EMR TECHNOLOGY SOLUTIONS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 21-20125 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon the Report and Recommendation (the "R&R") issued by the Honorable Rukhsanah L. Singh, U.S.M.J. (R&R, ECF No. 24.) The R&R reviewed Plaintiff Denis Salins's ("Plaintiff") Renewed Motion for Entry of Default Judgment and Award of Attorneys' Fees (the "Motion") (Renewed Mot. for Default J., ECF No. 22), and recommends granting the Motion in part and denying in part. (R&R 1, 10.) Specifically, the R&R recommends awarding Plaintiff $721,766.20 in compensatory and liquidated damages, $15,137.75 in attorneys' fees and costs, and post-judgment interest allowable pursuant to 28 U.S.C. § 1961(a), while denying Plaintiff's requests for pre-judgment interest and reimbursement of law firm overhead. (*Id.* at 10.)

The parties were advised that they had fourteen days to file and serve objections to the R&R. (*Id.* at 9 (citing 28 U.S.C. § 636(b)(1); L. Civil R. 72.1(c)(2)).) No objections were filed within the allotted time period or to date. "Where no objection has been made to a report and recommendation within [fourteen] days, the district court should, as a matter of good practice,

satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation." *Ballister v. Union Cnty. Dep't of Corr.*, No. 17-573, 2025 WL 1823118, at *1 (D.N.J. July 2, 2025) (first citing Fed. R. Civ. P. 72(b), advisory committee notes; and then citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

In analyzing Plaintiff's Motion, Judge Singh first considered Plaintiff's claim for compensatory and liquidated damages, finding that the evidence supports his claim for such damages. (R&R 5-6.) Specifically, Judge Singh determined, and the Court agrees, that Plaintiff's Certification and supporting documentation provide a sufficiently reliable basis to calculate unpaid salary and bonuses, as the evidence establishes an annual base salary of $150,000, or approximately $2,884.40 per week, for the detailed hours and weeks Plaintiff worked, as well as a twenty-percent annual bonus of $30,000. (R&R 2, 6.) The Court agrees with Judge Singh's calculation and therefore awards Plaintiff $349,631.84 in compensatory damages. (*See id.* at 6.) Moreover, the Court finds that Judge Singh's calculation of $372,134.36 in liquidated damages under the Fair Labor Standards Act ("FLSA") and the New Jersey Wage Payment Law ("NJWPL") is appropriate in light of the parties' August 4, 2021, tolling agreement and the applicable statutory periods. (*See id.*); 29 U.S.C. §§ 216(b), 260; N.J. Stat. Ann. § 34:11-4.10(c). The Court, accordingly, adopts Judge Singh's award for compensatory and liquidated damages in the amount of $721,766.20.

Next, Judge Singh considered Plaintiff's claim for attorneys' fees and costs, which are available under the FLSA, NJWPL, and New Jersey Wage and Hour Law, using a lodestar methodology. (*See* R&R 6-8); 29 U.S.C. § 216(b); N.J. Stat. Ann. §§ 34:11-4.10(c), 34:11-56a25. The Court finds that Judge Singh's lodestar analysis and award of $14,595.50 in attorneys' fees and $542.25 in costs is supported by the record. (*See* R&R 7-8.) The Court further agrees that

Plaintiff's separate request for $756.86 in law firm overhead should be denied because ordinary administrative expenses are presumed to be included in counsel's hourly rates. (*See id.* at 8); *Ownbey v. Aker Kvaerner Pharms., Inc.*, No. 07-2190, 2023 WL 4447014, at *21 (D.N.J. July 11, 2023); *Yong Fang Lin v. Tsuru of Bernards, LLC*, No. 10-2400, 2011 WL 2680577, at *4 (D.N.J. July 8, 2011). The Court, accordingly, adopts Judge Singh's award for attorneys' fees and costs in the amount of $15,137.75 and denies Plaintiff's request for an award of overhead costs.

Finally, Judge Singh considered Plaintiff's claims for pre-judgment and post-judgment interest, finding that the Court should not award pre-judgment interest. (R&R 9.) The Court agrees with Judge Singh that Plaintiff's request for pre-judgment interest should be denied because Plaintiff has been awarded liquidated damages, and an award of both pre-judgment interest and liquidated damages would result in duplicative recovery. *See Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910-11 (3d Cir. 1991); *Liu v. New Dickson Trading, LLC*, No. 21-15779, 2023 WL 3736351, at *8 (D.N.J. May 30, 2023). The Court further agrees that Plaintiff shall be permitted to recover post-judgment interest allowable under 28 U.S.C. § 1961(a). (*See* R&R 10.)

The Court has independently reviewed the record, as well as Judge Singh's thorough and well-reasoned R&R, and for the reasons discussed above, finds no clear error on the face of the record. Accordingly,

**IT IS**, on this 3rd day of August, 2026, **ORDERED** that:

1. The R&R (ECF No. 24) is hereby **ADOPTED**.
2. Plaintiff's Motion (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART.**
3. Plaintiff's requests for compensatory and liquidated damages, attorneys' fees, and costs are **GRANTED** and judgment shall be entered in favor of Plaintiff in the

following amounts: (1) $349,631.84 in compensatory damages; (2) $372,134.36 in liquidated damages; (3) $14,595.50 in attorneys' fees; and (4) $542.25 in costs.

4. Plaintiff is therefore awarded a total of **$736,903.95**, together with post-judgment interest allowable pursuant to 28 U.S.C. § 1961(a).

5. Plaintiff's requests for pre-judgment interest and reimbursement of law firm overhead are **DENIED**.

6. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE